IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY MUSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 12-787-GPM |
| | ) |
| MEARL J. JUSTUS, DR. SHAW, | ) |
| WEXFORD MEDICAL COMPANY, and | ) |
| ST. CLAIR COUNTY JAIL, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, who is currently a pretrial detainee in the St. Clair County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant Shaw, a physician, was deliberately indifferent to a serious medical condition. More specifically, Plaintiff claims that since approximately April or May 2012, he has been suffering from an irritating skin disorder. He has developed bumps and sores on various parts of his body, particularly on his back and genitals, which itch constantly. Plaintiff believes his ailment has been caused by the "filthy" condition of the jail cells, showers, and eating facilities, which Defendant Justus (the county sheriff) has allowed to persist. Plaintiff has requested cleaning supplies without success. Defendant Shaw has provided medical attention to Plaintiff, including blood testing (which had "negative" results), and giving Plaintiff cream and antibiotics. However, these remedies have not resolved Plaintiff's condition. Defendant Shaw has failed to have Plaintiff examined by an infectious disease specialist.

Plaintiff seeks damages, and injunctive relief requiring Defendants to have him treated by

a specialist in infectious diseases.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. After a full examination of the complaint, the Court finds that this action is subject to summary dismissal pursuant to § 1915A.

Taking Plaintiff's allegations as true, his skin condition arguably constitutes a serious medical need, as it has caused him pain and has significantly affected his daily activities. *See Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). However, in order to state a claim for deliberate indifference to a serious medical condition, a prisoner must also establish that the Defendant failed to take appropriate steps to mitigate a known risk of substantial harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).[1]

In this case, Defendant Shaw responded to Plaintiff's request for care by performing diagnostic (blood) testing and providing Plaintiff with cream and antibiotic medication. While these steps may not have been effective to cure Plaintiff's condition, the complaint does not indicate that Defendant Shaw was deliberately indifferent. The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Furthermore, mere disagreement with a physician's chosen course of treatment does not amount to deliberate indifference, even if the quality of care was substandard to the point of negligence or malpractice. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Ciarpaglini v. Saini*, 352

---

[1] *Jackson* also notes that while a pretrial detainee's rights arise under the Fourteenth Amendment, courts apply the standards developed under the Eighth Amendment when evaluating claims of deliberate indifference to serious medical needs, as well as other unconstitutional conditions of confinement. *Jackson,* 300 F.3d at 764-65; *see also Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

F.3d 328, 331 (7th Cir. 2003); *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001). Accordingly, the deliberate indifference claim against Defendant Shaw shall be dismissed.

Because Plaintiff has failed to state a deliberate indifference claim against Defendant Shaw, and because he has alleged only that Defendant Wexford Medical Company (Defendant Shaw's employer) failed to train its doctors, dismissal of Defendant Wexford Medical Company is also appropriate. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).

The only statement Plaintiff makes regarding Defendant Justus is that Defendant Shaw "has done nothing to compel" him to clean the jail (Doc. 1, p. 6). Assuming, however, that Plaintiff is alleging that the jail conditions are unconstitutional, he again has failed to state a claim upon which relief may be granted. From Plaintiff's description, inmates are given a "solution" once a week for cleaning the jail showers, and they are also given a "solution" to mop the floors "so many times a week" (Doc. 1, p. 5). Plaintiff claims that none of these solutions fights germs, and alleges that walls and surfaces are covered with bacteria and "filth." *Id.*

In order to rise to the level of a constitutional claim, the conditions of confinement must result in unquestioned and serious deprivations of basic human needs or deprive the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981). By Plaintiff's own account, he is provided supplies for weekly cleaning—he does not describe the sort of excessive risk to health or safety that implicates the Eighth Amendment. *See Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988) (Plaintiff deprived of toilet paper for 5 days; soap, toothbrush and toothpaste for 10 days; and who was kept in a "filthy" cell alleged only temporary neglect and his claims did not reach unconstitutional proportions). Moreover, the

complaint does not indicate any subjective intent on the part of Defendant Justus to expose Plaintiff to any risk to his well-being. *See Farmer*, 511 U.S. at 834. And, although he may be the supervisor of operations at the jail, Defendant Justus cannot be held liable for any unconstitutional acts of his subordinates. The doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001).

**Disposition**

Because Plaintiff has failed to state a claim upon which relief may be granted, either for deliberate indifference to medical needs or for unconstitutional conditions of confinement, this action is **DISMISSED** with prejudice.

Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

DATED: August 28, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge